OPINION AND ORDER
GARY P. SULLIVAN, Chief Justice.
BRIEF FACTUAL OVERVIEW AND PROCEDURAL HISTORY
On August 27,1998, Thomas Brown, pro se, filed a Petition for Review requesting that this Court review Child Support Order # 543 contending that the arrearage of $17,485.01 cited in the Order was arbitrary and that while he agreed that he owed an ‘unknown amount’, the exact amount of arrearage was yet to be determined. He further contends that in the original order for child support he was ordered to pay only “when he was working” and, ostensibly, since he was not working at certain times following the order, he was not required to pay child support. He requested that this Court remand the matter to the Tribal Court for a ‘proper hearing’ on the issue.
The Petition was not served on the ap-pellee and the case languished in our Court until December, 2000[2].
On October 27, 2001, after hearing oral arguments in this matter and FPCOA #323[3], we remanded to the Tribal Court for the purpose of determining the basis of the $17,485.01 balance in Child Support Order # 543, found in paragraph 3 and for clarification as to the meaning of “additional payments” referred to in both paragraph 2 and 3,
On July II, 2002, the Tribal Court, the Honorable Bryce M. Wildcat, presiding, conducted a hearing pursuant to our remand. On August 12, 2002, Judge Wildcat exquisitely detailed the basis for the $17,485.01 arrearage balance and found that “additional payments” referred to monthly payments of $150.00 made after the first payment of $150.00, which was due August 21,1998.
On August 27, 2002, appellant filed an additional pleading contending that the Tribal Court, pursuant to this Court’s remand, erroneously interpreted the order, and further, denied appellant the opportunity to present new evidence and to call witnesses in his defense.
*266 ISSUES PRESENTED
The appellant states that he knows that he owes a certain amount of child support arrearages; however, he does not know what the correct amount should be. Nonetheless, he believes the Tribal Court’s determination of the balance was arbitrary. Further, he believes that the monthly amount of $150.00 would be a proper amount while he is employed; however, when he does not have income he believes this amount would be unreasonable. Following the hearing on remand, appellant contends that he was not given the opportunity to present new evidence and to call witnesses on Ms behalf.
STANDARD OF REVIEW
“The jurisdiction of the Court of Appeals shall extend to all appeals from final orders and judgments of the Tribal Court. The Court of Appeals shall review de novo all determinations of the Tribal Court on matters of law, but shall not set aside any factual determinations of the Tribal Court if such determinations are supported by substantial evidence.” Title II CCOJ 2000 § 202. Whether the Tribal Court w^as correct in determining the child support ar-rearage to be $17,485.01 and whether a child support arrearage payment is excessive, are both questions of fact.
DISCUSSION
Determinations of child support, child support arrearages, and payments of arrearage are all within the sound discretion of our Trial Court, whose ruling with regard to such issues we will affirm unless they are unsupported by substantial evidence, against the weight of evidence, or misstate or misapply the law. Title II CCOJ 2000 § 202; Payne v. Payne FPCOA # 212 at pp. 1-5 (1005).
After our initial review’ of the Tribal Court’s Child Support Order # 543, dated August 20, 1998, we agreed with appellant insofar as the Tribal Court’s failure to state its basis for determining the child support arrearages at $17,485.01. Therefore, we remanded for the purpose of determining the basis of the arrearage. Pursuant to our remand, Judge Wildcat held a hearing on July 11, 2002, and in his August 12, 2002, written order he details the basis for the arrearage. According to the findings of fact, the arrearage was computed from a Debt Computation Worksheet which was introduced as Plaintiff s Exhibit # 3. This document was prepared and supplied by the Child Support Enforcement Division, State of Montana, case # 0030497, and had been prepared by that agency on July 16, 1998. Also included in the findings of fact, Judge Wildcat meticulously details all of the pertinent entries on the form as well as all of the payments. He concludes that as of the date of the original order (i.e. August 20, 1998) the amount of arrearage owed by appellant was $17,485.01. Judge Wildcat continues his findings to include payments made by appellant after August, 1998, and concludes that the amount owing as of July 11, 2002, was $15,785.01. Pursuant to the remand the Tribal Court also clarified that the “additional payments” referred to the $150.00 future monthly payments toward the arrearage to be made after August 21, 1998.
As noted above, we agree with appellant regarding the Tribal Court’s initial failure to provide the basis for the arrear-age balance (August 20, 1998 order). However, upon our remand, the Tribal Court has now’ provided a detailed basis for its calculation (August 12, 2002 order) and the arrearage W'as found to be the same in both orders ($17,485.01). Thus, appellant’s contention that the Tribal *267 Court arrived at the balance arbitrarily is without merit.
Appellant’s second contention that $150.00 per month toward the arrearage when he is not working is also without merit. Our Tribal Court does not attempt to contemplate each adverse situation that might befall parents who are ordered to pay child support. If appellant’s income and/or financial situation changes substantially, it is his responsibility alone to petition the court for modification of the child support order based upon substantial change of circumstances. Title X CCOJ 2000 § 304a.
Finally, appellant’s contention that the Tribal Court, on remand, denied him the opportunity to present new evidence and to call witnesses on his behalf, misinterprets the purpose of the remand. The appellant initially contended that the Tribal Court arbitrarily calculated the amount of arrearages, failing to show in its order the basis for its calculation. We agreed and remanded for the precise purpose of determining the basis for the calculation:
“1. The matter is remanded to the Tribal Court for the purpose of determining the basis of the $17,485.01 balance referred to in paragraph 3 and for clarification as to the meaning of ‘additional payments’ as referred to in paragraphs 2 and 3 of Child Support Order # 543, dated August 20, 1998. If necessary, a transcript of the hearing on August 18, 1998, shall be prepared to assist the Tribal Court. Such transcript may be limited to the specific portions that are necessary for the Tribal Court to comply with this Order. If the Tribal Court determines that a transcript is necessary a request for such transcript shall be made within 10 days of this order, Further, such transcript shall be completed and delivered to the Tribal Court within 15 days of the request therefore.” (See Order dated October 27, 2001 at page 1-2; our emphasis)
As can be seen, our order of remand was not an invitation to conduct a new hearing, but rather a request to retrace the footsteps of the original hearing. The fact that the Tribal Court allowed the parties to be present when it accomplished this task is commendable.
In the absence of a new 1 rial on the merits, the time for rebutting the evidence originally presented by the plaintiff was at the original hearing. Thus, the Tribal Court did not err in denying introduction of evidence by appellant at the remand hearing.
IT IS NOW THEREFORE, THE ORDER OF THIS COURT THAT:
The Child Support Order # 543, dated August 20, 1998, as clarified by Order on Remand, dated August 12, 2002, is affirmed. All Tribal Court judgments and orders heretofore stayed or not acted upon because of, or pursuant to the pendency of this petition, are herewith restored and shall be given full force and effect without further delay.

. For a more complete history of this case from August, 1998 until December, 2000, see this Court’s order dated December 1, 2000.

. On May 19, 1999, appellant herein filed a Notice of Appeal from a judgment of the Tribal Court adjudging appellant guilty of Criminal Contempt for failure to pay certain sums of child support. (See FPCOA # 323). After determining that this contempt charge was spawned by Child Support Order # 543, which was presently under review, this Court granted the appeal on May 21,: 1999 and a stay was issued regarding the sentence of ninety days 'flat jail time’.